UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

**DECISION AND ORDER**
03-CR-211S

MARK HOFFMAN,

    Defendant.

## I. INTRODUCTION

Presently before this Court is Defendant Mark Hoffman's petition for payment by the government of attorney fees and costs that he incurred defending against the criminal charges lodged against him. (Docket No. 294.) The petition is brought under the Hyde Amendment, 18 U.S.C. § 3006A, which provides for such payment when a court finds that the government's position was vexatious, frivolous, or in bad faith. Also pending is the government's Motion to Dismiss the petition. (Docket No. 302.) For the following reasons, the petition is denied and the government's motion is denied as moot.

## II. BACKGROUND

On July 30, 2007, a federal jury acquitted Defendant of one count of conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 371 and 2; two counts of wire fraud in violation of 18 U.S.C. §§ 1343 and 2; and one count of mail fraud in violation of 18 U.S.C. §§ 1341 and 2. (Docket Nos. 274, 338.) The charges stemmed from the government's belief that Defendant conspired with co-defendant Frank Peters and others to defraud Chase Manhattan Bank out of approximately $10.5 million by falsely overvaluing corporate assets used to secure and maintain a revolving line of credit provided by Chase.

Familiarity with the facts and history of this case is presumed.[1]

This Court entered the judgment of acquittal on August 20, 2007. (Docket No. 279.) Thereafter, on September 18, 2007, Hoffman moved for payment of his attorney fees and litigation expenses under the Hyde Amendment, Pub.L. No. 105-119, § 617, 111 Stat. 2440, 2519 (1997) (reprinted in 18 U.S.C. § 3006A, historical and statutory notes). (Docket No. 294.) The government moved to dismiss the petition on October 19, 2007. (Docket No. 302.)

Defendant maintains that the government prosecuted him in bad faith and purposely ignored evidence of his innocence. (Hoffman Affirmation, Docket No. 294, ¶ 6.) His claim is grounded in his belief that (1) there was no credible, reliable proof that he engaged in criminal conduct, (2) the government relied on culpable, unreliable witnesses, and (3) the government failed to adequately investigate the case and review documents in its possession.

In particular, Defendant argues that a massive fraud upon Chase was already in place when he joined World Auto Parts, perpetrated by individuals who the government declined to prosecute in favor of using them as witnesses. He contends that none of these individuals implicated him in the fraud, and in fact, the evidence demonstrated that he acted affirmatively to stop the fraud, including retaining outside auditors to correct accounting irregularities. Moreover, Defendant contends that the government failed to review or ignored evidence showing that he properly documented the financial relationship between ITEC and World Auto Parts, which Defendant believes belies any notion that he

---

[1] For further background, see United States v. Peters, No. 03-CR-211S, 2010 WL 5392645 (W.D.N.Y. Dec. 21, 2010) (new trial) and 257 F.R.D. 377 (W.D.N.Y. 2009) (forfeiture).

conspired to defraud Chase. Further, Defendant maintains that the government ignored the overwhelming amount of fraud conducted by its own witnesses, and then improvidently relied on the word of these individuals to support its case against him. In Defendant's view, the totality of this conduct amounts to a prosecution brought and conducted in bad faith.

The government categorically denies that it brought or conducted Defendant's prosecution in bad faith. To refute Defendant's allegations, it sets forth, at length, the investigation of Defendant's conduct, the pretrial proceedings, and the trial evidence. (Wylegala Affidavit, Docket No. 303, ¶¶ 3, 17-63.) It maintains that testimony from Ed Greyeski, Ron Hall, Richard Samer, John Hariaczyi, and others, and other documentary evidence, demonstrated that Defendant knew of and participated in fraudulent conduct relating to ITEC, and participated by redirecting payments intended for World Auto Parts to ITEC. (Wylegala Affidavit, ¶¶ 17-20, 22, 28-32.) The government also maintains that Defendant never provided any exculpatory evidence for its review, and in fact, never filed a pretrial memorandum or pretrial exhibit list. (Wylegala Affidavit, ¶¶ 12, 46, 49, 50.)

### III. DISCUSSION

**A.    Legal Standard**

The Hyde Amendment, the text of which is set out in the margin,[2] was "enacted as

---

2

> During fiscal year 1998 and in any fiscal year thereafter, the court, in any criminal case (other than a case in which the defendant is represented by assigned counsel paid for by the public) pending on or after the date of the enactment of this Act [November 26, 1997], may award to a prevailing party, other than the United States, a reasonable attorney's fee and other litigation expenses, where the court finds that the position of the United States was vexatious, frivolous, or in bad faith, unless the court finds that special circumstances make such an award unjust. Such awards shall be granted pursuant to the procedures and limitations (but not the burden of proof) provided for an award under section 2412 of title 28, United States Code. To determine whether or not to award fees and costs under this section, the court, for good cause shown, may receive

part of P.L. 105-119, the $31.8 billion Commerce, Justice and State, the Judiciary, and Related Agencies Appropriations Act of 1998, and is found as a statutory note to 18 U.S.C. § 3006A." United States v. Schneider, 395 F.3d 78, 85 (2d Cir. 2005) (quoting United States v. Gilbert, 198 F.3d 1293, 1298 (11th Cir. 1999)).

The purpose of the amendment is "to penalize government for prosecutorial abuses and to deter such inappropriate conduct." Schneider, 395 F.3d at 86. To that end, the Hyde Amendment permits an award of attorney fees and litigation expenses under certain circumstances where "the position of the United States was vexatious, frivolous, or in bad faith." Pub.L. No. 105-119, § 617, 111 Stat. 2440, 2519. It also authorizes the court to conduct a hearing concerning the propriety of the United States's position, if the defendant makes a substantial threshold showing of entitlement to relief, i.e., the possible existence of substantial or significant vexatious, frivolous, or bad-faith conduct. See Schneider, 395 F.3d at 89-90.

Because the Second Circuit has not yet parsed the statute's "vexatious, frivolous, or in bad faith" language, courts in this circuit have interpreted the terms according to their ordinary meaning. See, e.g., United States v. Mitselmakher, No. 07-CR-37 (BMC), 2008 WL 5068609, at *7 (E.D.N.Y. Nov. 20, 2008); United States v. Schneider, 289 F. Supp. 2d 328 (E.D.N.Y. 2003). Bad faith, for example, has been construed as "not simply bad

---

> evidence ex parte and in camera (which shall include the submission of classified evidence or evidence that reveals or might reveal the identity of an informant or undercover agent or matters occurring before a grand jury) and evidence or testimony so received shall be kept under seal. Fees and other expenses awarded under this provision to a party shall be paid by the agency over which the party prevails from any funds made available to the agency by appropriation. No new appropriations shall be made as a result of this provision.

Pub.L. No. 105-119, § 617, 111 Stat. 2440, 2519.

judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity; it contemplates a state of mind affirmatively operating with furtive design or ill will." Mitselmakher, 2008 WL 5068609, at *7 (quoting Schneider, 298 F. Supp. 2d at 331-32).

To determine Hyde Amendment liability, the government's position must be viewed from the government's perspective at the time, including evidence not presented at trial, instead of through "twenty-twenty hindsight based solely on reasonableness." Mitselmakher, 2008 WL 5068609, at *7 (quoting United States v. Sherbourne, 249 F.3d 1121, 1127 (9th Cir. 2001)). In this regard, a "'presumption of regularity supports . . . prosecutorial decisions and, in the absence of clear evidence to the contrary, courts presume that [prosecutors] have properly discharged their official duties.'" Mitselmakher, 2008 WL 5068609, at *7 (quoting United States v. Armstrong, 517 U.S. 456, 464, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996)).

Importantly, it is the government's "position" — the case as a whole — that must be assessed: "trivial instances of offending conduct" do not give rise to liability, nor will "[a]n acquittal, without more, . . . lead to a successful Hyde Amendment claim." Schneider, 395 F.3d at 90 ("there must be substantial or significant vexatious, frivolous, or bad-faith conduct"). Nor does the Hyde Amendment "sanction poor judgment or myopia." Mitselmakher, 2008 WL 5068609, at *1. This is because "Congress's intent was to 'limit Hyde Amendment awards to cases of affirmative prosecutorial misconduct, rather than simply any prosecution which failed.'" Id. (quoting United States v. Knott, 256 F.3d 20, 29 (1st Cir. 2001)).

5

**B.     Analysis**

As an initial matter, there is merit to the government's argument that Defendant's petition is procedurally defective. The Hyde Amendment explicitly incorporates the procedural requirements of the Equal Access to Justice Act, 28 U.S.C. §§ 2412, et seq., which provide as follows

> A party[3] seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.

28 U.S.C. § 2412(d)(1)(B) (footnote added).

Here, Defendant's "petition" consists only of a two-page, eight-paragraph affirmation from Defendant and an unsworn memorandum of law. Nowhere does Defendant state or allege that he is a qualifying "party" entitled to recovery under the statute, nor is there an itemized statement from Defendant's attorney detailing the time expended on Defendant's defense or the rate at which fees and expenses were computed. In fact, neither the amount of fees nor expenses is included in the petition. Although dismissal on this basis would be appropriate, even correction of these procedural errors would not save the petition, for this Court finds that it fails on the merits.

Extended discussion of the government's response to Defendant's petition is not necessary, because Defendant fails to make even a threshold showing of substantial or

---

[3] A non-corporate "party" under § 2412(d) is "an individual whose net worth did not exceed $2,000,000" at the time the action was filed. 28 U.S.C. § 2412(d)(2)(B).

significant bad faith.[4]  Worse, there is no substantiation of any of Defendant's claims.  At best, the allegations, if true, amount to poorly-exercised prosecutorial discretion or negligence, neither of which constitutes bad faith.  To establish bad faith, Defendant must submit evidence of a "conscious doing of a wrong because of dishonest purpose or moral obliquity; it contemplates a state of mind affirmatively operating with furtive design or ill will."  Mitselmakher, 2008 WL 5068609, at *7 (quoting Schneider, 298 F. Supp. 2d at 331-32).  He has not done so.

In essence, Defendant challenges the government's thoroughness and exercise of its prosecutorial discretion.  He claims that based on the evidence before it and the potential credibility problems with its witnesses, the government should never have prosecuted him.  But the government is under no obligation to adopt a defendant's view of evidence or assessment of potential witnesses.  In the government's view, the evidence supported the charges against Defendant and its witnesses' testimony, if credited by the jury, would further demonstrate Defendant's guilt.  The government must often take its witnesses as it finds them in a criminal case; its reliance on less-than-stellar witnesses is therefore not necessarily a sign of bad faith.  See Schneider, 395 F.3d at 87 (holding that "the shortcoming of witnesses who directly implicated [the defendant] in the crime are inadequate to show that the Government lacked a reasonable legal basis for prosecution").

Defendant also argues that the government failed to adequately review documents in its possession.  Again, there is no evidence to support this allegation, which seems a variation on the argument that the evidence simply did not support the prosecution.  Even

---

[4]Defendant does not allege or argue that the government's position was vexatious or frivolous.

assuming that evidence was overlooked or not fully understood, there is no proof before this Court to suggest, let alone establish, that the government's failing was ill intended. At best, if true, the failure to review evidence or properly investigate the case amounts to negligence or bad judgment, neither of which is a path to liability under the Hyde Amendment. See Mitselmakher, 2008 WL 5068609, at *11.

## IV.  CONCLUSION

Because Defendant has failed to establish that the government's position in prosecuting him was in bad faith, his petition for attorney fees and litigation expenses under the Hyde Amendment will be denied.

## V.  ORDERS

IT HEREBY IS ORDERED, that Defendant Mark Hoffman's Petition for Attorney Fees and Expenses (Docket No. 294) is DENIED.

FURTHER, that the government's Motion to Dismiss the Petition (Docket No. 302) is DENIED as moot, based on the denial of the Petition on the merits.

SO ORDERED.

Dated:   January 26, 2011
         Buffalo, New York

                                                        /s/William M. Skretny
                                                        WILLIAM M. SKRETNY
                                                             Chief Judge
                                                United States District Court